ARAGON MILLS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18044. Promulgated September 13, 1929.

*Lyle T. Alverson, Esq.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

OPINION.

TRAMMELL: There is no controversy here with respect to the amount of the deficiency in tax due from the affiliated group of corporations. The single issue raised by the pleadings is whether the respondent erred in assessing the entire amount thereof upon the petitioner instead of assessing it upon the respective affiliated corporations on the basis of the net income properly assignable to each.

The Revenue Act of 1918 provides, in section 240 (a), that:

In any case in which a tax is assessed on the basis of a consolidated return, the total tax shall be computed in the first instance as a unit and shall then be assessed upon the respective affiliated corporations in such proportions as may be agreed upon among them, or, in the absence of any such agreement, then on the basis of the net income properly assignable to each.

The primary facts are not in dispute here. The four corporations in question were affiliated during 1918, and should have filed a consolidated return for that year. However, each corporation filed a separate return, except that New York Mills and Oneida Bleachery filed a consolidated return. In 1922 the respondent audited the case on the basis of a consolidated return and determined an additional tax of $629,969.67 to be due from the affiliated group, but did not require the filing of a consolidated return. The entire amount of the additional tax respondent assessed upon the petitioner in March, 1924, and later allowed a claim in abatement for $594,704.01 of said assessment.

It is clearly indicated from the record that at the time of this assessment there was no express agreement, written or otherwise among the corporations that the whole tax should be so assessed upon the petitioner. The respondent's contention is that such an agreement should be implied from the subsequent actions of the petitioner in seeking abatement of the additional assessment without making complaint or objection to the assessment of the whole tax upon it. This contention, we think, is unsound.

Each corporation originally filed a separate return, and paid the tax shown thereon, with the exception above mentioned. The corporations were located at widely separated points. Each operated a separate and independent business. Each corporation had its own separate officers, who were different individuals from the officers of the other corporations. They were affiliated solely by reason of the fact that substantially all the stock of each was owned by the partners of Juilliard & Co., a New York partnership.

At the time the assessment was made, no fact is shown to have existed which would have justified the respondent in assuming that there was an agreement among the affiliated corporations that the whole tax should be assessed upon the petition. Certainly there was no such express agreement, and, under the facts and circumstances disclosed, it is our opinion that such an agreement may not be implied from the actions of the parties. There must be an agreement between the corporations in order to authorize the tax to be assessed otherwise than against the respective corporations on the basis of their respective incomes. In this case, however, a consolidated return was not filed by the four corporations for the year involved, although the deficiency tax was determined by the respondent on that basis.

The respondent contends that the fact that the petitioner did not protest after the assessment upon the ground that the tax was assessed against it before it instituted this proceeding is evidence that the assessment was in accordance with the agreement of the respective corporations, but to our minds this is not indicative of an agreement made *before* the tax was assessed. If there was in fact no such an agreement in effect when the tax was assessed, such an assessment wa illegal, and the only question here is if there was an agreement made by the corporations which would warrant such an assessment. We find no evidence of it in the record.

In *Cincinnati Mining Co.*, 8 B. T. A. 79, we held that where no agreement was ever had between the corporations as to the apportionment of the tax to be assessed upon the basis of a consolidated return, and where the one corporation had not agreed to assume the tax liability of the other, it was mandatory upon the respondent to assess the tax upon the basis of the net income properly assignable to each. In that connection we said:

As we interpret the statute, it is incumbent upon the respondent to ascertain the proper parties against whom the tax is to be assessed, through inquiry, if necessary, as to any agreement or lack of agreement as to the apportionment of the tax. If there be no such agreement the tax must be assessed upon the basis of the net income of the separate companies.

Of the four corporations referred to herein, the petitioner, Aragon Mills, is the only one before us. Hence, we express no opinion as to the tax liability of the other corporations not parties to this proceeding.

With respect to the petition, we hold that the deficiency may be assessed upon it only on the basis of the net income properly assignable to it. *Kauai Railway Co., Ltd., et al.*, 13 B. T. A. 686; *Crystal Block Coal & Coke Co.*, 15 B. T. A. 600.

Reviewed by the Board.

*Judgment will be entered under Rule 50*